UNITED STATED DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DOMINICK PERNICIARO III,** | * | CIVIL ACTION |
|     **Plaintiff** | * | |
| | * | NO. |
| **VERSUS** | * | |
| | * | DIVISION |
| **HAMPTON "STEVE" LEA,** | * | |
| **JEFFREY S. NICHOLL, M.D.,** | * | JUDGE |
| **ELIZABETH CAIN, M.D., PATRICK** | * | |
| **McCROSSEN, M.D., ALAN PEREGO,** | * | SECTION |
| **M.D., and JOHN THOMPSON, M.D., IN** | * | |
| **THEIR INDIVIDUAL AND OFFICIAL** | * | JURY DEMANDED |
| **CAPACITIES AS ADMINISTRATORS** | * | |
| **AND/OR EMPLOYEES OF EASTERN** | * | |
| **LOUISIANA MENTAL HEALTH** | * | |
| **SYSTEM ("ELMHS"),** | * | |
|     **Defendants** | * | |
| * * * * * * * * * * * * * * * * * * | * | |

## COMPLAINT

**NOW COMES,** Plaintiff, Dominick Perniciaro III, through undersigned counsel, and brings this action pursuant to 42 U.S.C. § 1983 based on injuries and violations of his constitutional rights sustained during Plaintiff's involuntary commitment at Eastern Louisiana Mental Health System (hereinafter "ELMHS"), a state mental health facility located in Jackson, Louisiana. For his Complaint against Defendants, Hampton "Steve" Lea, Jeffrey S. Nicholl, M.D., Elizabeth Cain, M.D., Patrick McCrossen, M.D., Alan Perego, M.D., and John Thompson, M.D., Plaintiff alleges as follows:

## PARTIES

1.

Dominick Perniciaro III is a person of full majority, formerly a resident of Jefferson Parish, Louisiana, and currently committed to the custody of ELMHS in East Feliciana Parish. Plaintiff was previously involuntarily committed to ELMHS from August 22, 2013 to March 21, 2014, and again from April 15, 2014 to December 9, 2014. He sustained the injuries and constitutional violations forming the basis of this Complaint during the second period of commitment.

2.

ELMHS provides services to adults who are remanded to its programs through legal proceedings throughout the State of Louisiana. ELMHS is obligated to provide a high level of security for its pre-trial detainees and those involuntarily committed, with a goal of treatment and stabilization of psychiatric disorders, behavior management, and other objectives. The goal of ELMHS is to enable patients to meet the criteria to return to court competent to assist counsel in legal proceedings against them, and to provide its involuntarily committed patients with assessment, stabilization and the development of pro-social behaviors.

3.

The following individuals, named as Defendants herein, are all affiliated with or employed by ELMHS and are sued in their individual and official capacities for acts and omissions committed under color of state law, and for causing the deprivation of Plaintiff's constitutional right to adequate and non-abusive medical care and treatment and a safe environment as a resident of ELMHS.

4.

Hampton "Steve" Lea, the Chief Executive Officer of ELMHS, has supervision of and direction over the operation of ELMHS. He held the position of CEO at the time of Plaintiff's prior commitments to ELMHS. On October 23, 2014, he received and rejected a complaint regarding severe, untreated injuries sustained by Plaintiff while in ELMHS custody. Defendant Lea is sued herein in his official and individual capacities for his intentional indifference, his failure to provide Plaintiff with a safe and non-abusive environment, and his failure to provide Plaintiff with adequate medical care.

5.

Jeffrey S. Nicholl, M.D. is sued herein in his official and individual capacities. Dr. Nicholl was Plaintiff's treating psychiatrist at ELMHS and remains employed at ELMHS. Dr. Nicholl prescribed various psychiatric medications for Plaintiff and performed competency restoration services and competency evaluations. On September 24, 2014, Dr. Nicholl noted that Plaintiff's left shoulder had an AC separation and that Plaintiff was standing bent over toward the right side and complaining of pain. As a frequent treating physician, Dr. Nicholl knew that Plaintiff had been injured, recorded Plaintiff's complaints of pain, and knew that Plaintiff was in need of x-rays and treatment for his shoulder, but took no steps to provide or guarantee that such treatment was provided.

6.

Elizabeth Cain, M.D. is sued herein in her official and individual capacities. Dr. Cain was and is a physician employed by ELMHS. She examined Plaintiff's injuries, recorded his complaints of pain, and reviewed the x-rays of Plaintiff's shoulder performed on September 12, 2014 which showed a 22 millimeter displacement in the lateral end of the left clavicle. Despite

her own recorded observations and an October 2014 evaluation from a physical therapist recommending that Plaintiff be referred to an orthopedist for a surgical evaluation, Dr. Cain failed to provide any treatment or guarantee that Plaintiff's injuries were adequately treated.

7.

Patrick McCrossen, M.D. is sued herein in his official and individual capacities. Dr. McCrossen was and is a physician employed by ELMHS.  Dr. McCrossen reviewed the x-rays of Plaintiff's shoulder taken on September 12, 2014, which showed a 22 millimeter displacement in the lateral end of the left clavicle, but he failed to provide any treatment or guarantee that Plaintiff's injuries were adequately treated.

8.

Alan Perego, M.D. is sued herein in his official and individual capacities.  Dr. Perego was and is a physician employed by ELMHS.  As Plaintiff's treating internist, he noted Plaintiff's complaints of left shoulder pain, but failed to provide any treatment or guarantee that Plaintiff's injuries were adequately treated.

9.

John Thompson, M.D., the Chief of Staff at ELMHS, is sued herein in his individual and official capacities.  Dr. Thompson is the medical authority responsible for Plaintiff's treatment, both in the past and going forward.  Under his direction and supervision, Plaintiff has been provided with inadequate medical treatment and has been exposed to abuse, including a broken jaw, broken nose, broken eye socket, dislocated and disfigured left shoulder, and numerous recorded cuts, scratches, and contusions.  Plaintiff seeks redress for past injuries and abuse, as well as prospective remedies requiring Dr. Thompson to assure Plaintiff's medical treatment is adequate and his stay at ELMHS non-abusive in the future.

10.

The above-named Defendants have been and continue to be responsible for providing medical services to involuntarily committed people such as Plaintiff, under contracts with ELMHS, an agency of the State of Louisiana, and all acted with respect to Plaintiff under color of state law to provide the medical care owed to persons under the custody of that facility. Upon information and belief, all Defendants work at ELMHS and reside in the parishes within the Middle District of Louisiana.

## JURISDICTION

11.

The jurisdiction of this court exists pursuant to 28 U.S.C. §1331, and 28 U.S.C. §1343(a)(3), inasmuch as the case arises under the Fourteenth Amendment of the United States Constitution, and under 28 U.S.C. §1343(a)(3).

## VENUE

12.

Venue is proper in this Court because ELMHS exists and operates in this district.

13.

Defendants work at ELMHS, and performed the acts or omissions complained of at ELMHS, in this district.

## FACTS

14.

Plaintiff is 30 years old. He has been diagnosed with schizoaffective disorder for many years. He has attempted suicide and been hospitalized multiple times. Plaintiff is subject to auditory hallucinations, violent outbursts, and other disruptive behavior.

15.

Plaintiff was arrested by the Jefferson Parish Sheriff's Department in June 2013 following an altercation with a neighbor.

16.

During the course of his arrest processing at Jefferson Parish Correctional Center (hereinafter "JPCC"), Plaintiff's face was slammed into a brick cinder block wall, breaking three of his front teeth.

17.

The 24th Judicial District Court found Plaintiff incompetent to stand trial and on August 22, 2013, he was committed to ELMHS for competency restoration.

18.

On March 21, 2014, Plaintiff was determined by Defendants to have been restored to competency and he was transferred back to JPCC.

19.

Shortly after his arrival at JPCC, Plaintiff was determined by the examining psychiatrist and psychologist appointed by the 24th Judicial District Court to be "floridly psychotic." The psychiatrist and psychologist recommended that he be returned to ELMHS for another competency restoration.

20.

Plaintiff was re-committed to ELMHS on April 15, 2014.

21.

On April 29, 2014, shortly after his readmission to ELMHS, Plaintiff was attacked by another patient while sleeping in his room. He sustained a broken eye socket, a broken nose, and a broken jaw. His broken jaw required that his mouth be wired shut for several weeks.

22.

Plaintiff's medical records demonstrate that symptoms of his mental illness, particularly paranoia and aggression, escalated following the April 2014 assault.

23.

There is a 22 millimeter displacement of Plaintiff's shoulder that is strikingly and immediately visible, which occurred while Plaintiff was in the custody of ELMHS, and for which he has received no treatment.

24.

In July 2014, Plaintiff complained of pain in his left shoulder following an accident in which he slipped and fell in his room. Defendant Nicholl recorded Plaintiff's injury in his progress notes, authored July 30, 2014. In September 2014, Plaintiff's shoulder was further injured, with the left shoulder being visibly dislocated. Defendants' records indicate that they were unable to determine the cause of Plaintiff's injury and did not act to correct it.

25.

X-rays taken on September 12, 2014 showed that the lateral end of Plaintiff's left clavicle was displaced. Despite medical recommendations that Plaintiff receive an orthopedic evaluation for the injury to his shoulder suffered while he was in the custody of ELMHS, no evaluation has ever been scheduled, and Plaintiff has been given no treatment for his dislocated left shoulder and/or his pain.

26.

An official complaint filed on Plaintiff's behalf by his father, Dominick Perniciaro, Jr., was documented as received by the ELMHS Total Quality Management ("TQM") department on October 23, 2014.  Mr. Perniciaro, Jr. included the following information in the complaint: "Dominick's left shoulder appears to have been broken and left to heal in a deformed manner – Previously when Dominick['s] jaw was broken and eye socket fractured at the facility by a patient I was told that this was a retaliation.  I also was told that this [sic] patients were separated after there were incidents.  Why were these two men not in separate units?"

27.

At the direction of Defendant Lea, the October 23, 2014 complaint was rejected on the same day it was received.  Plaintiff's injury was not treated, and his shoulder remains dislocated, visibly disfigured, and in pain.  Defendant Lea's failure to adequately address Plaintiff's complaint, investigate the cause of his injuries, and provide for appropriate medical treatment of those injuries, all enacted under color of state law, demonstrates his deliberate indifference to Plaintiff's constitutional rights.

28.

By October 2014, in addition to having an obvious displacement of his left clavicle, broken teeth, a broken jaw, eye socket, and nose, Plaintiff had lost approximately 30 pounds. Plaintiff is 5 foot 9 inches tall and weighed 153 pounds upon his re-admission to ELMHS on April 15, 2014.  By October 2014, he weighed 132 pounds.

29.

In addition to the above, Plaintiff's medical record indicates that he was repeatedly injured by purportedly unknown causes while at ELMHS.  The recorded injuries include

lacerations to his left eyebrow requiring stitches, significant scratches on his neck, and large contusions. Despite noting Plaintiff's injuries in his medical records, Defendants made no effort to determine the cause of said injuries, treat said injuries, protect Plaintiff from the perpetrators of said injuries, or prevent future injury to Plaintiff.

30.

In spite of notations by Defendant Nicholl that Plaintiff would never be competent to stand trial, in December 2014, Defendants again certified Plaintiff as competent to resume processing in the criminal system in the 24th Judicial District Court in Jefferson Parish, Louisiana.

31.

Plaintiff was returned to custody at JPCC. In February 2015, Plaintiff was re-evaluated by the psychiatrist and psychologist previously appointed by the district court. Based upon their recommendation, and the agreement of the prosecuting attorneys, the Court, and Plaintiff's criminal counsel on April 8, 2015, the Court accepted a plea of Not Guilty By Reason of Insanity (hereinafter "NGBRI") to Plaintiff's pending criminal charges.

32.

As part of its finding that Plaintiff was NGBRI to all pending criminal charges, the Court remanded Plaintiff to the custody of ELMHS for treatment.

33.

Plaintiff fears that the inadequate practices and standards of care employed by the Defendants at ELMHS will result in further abuse and injuries to him while he is indefinitely in the custody of that facility.

## CAUSE OF ACTION

34.

Under the Fourteenth Amendment to the United States Constitution, a pre-trial detainee, or any other person involuntarily committed to a mental health facility, has constitutionally-protected liberty interests, including reasonably safe conditions of confinement, and adequate medical treatment. Plaintiff's constitutionally protected interests in reasonably safe conditions and adequate medical care have been violated by the deliberate indifference of the Defendants.

35.

Despite obvious and grotesque injuries to his teeth and to his shoulder, Plaintiff has been given no medical care to treat or correct these conditions. Additionally, Plaintiff has been repeatedly the victim of aggression and beatings by undetermined persons (including other patients) in the hospital, resulting in a broken jaw, a broken cheekbone, and a broken eye socket, as well as repeated instances of scratching, abrasions, and contusions.

36.

Defendants have breached their constitutional duty to Plaintiff to provide him with protection and basic human needs. Upon information and belief, the general condition at ELMHS is such that Defendants are unable to guarantee the safety and care of their mentally-impaired patients and other people who are referred to ELMHS for mental health issues. Based upon Plaintiff's experiences and Defendants' own documentation of Plaintiff's medical history, including their failure to address his injuries and complaints of pain, Plaintiff believes that Defendants are routinely and deliberately indifferent to the welfare of the pre-trial detainees and others involuntarily committed to ELMHS' care.

37.

Defendants' knowing and documented refusal to treat Plaintiff's shoulder, their failure to protect him from other patients and from guards, and their failure to attempt any degree of physical or mental rehabilitation of Plaintiff before sending him back to the 24th Judicial District Court to face criminal charges violates minimal constitutional standards for the treatment of patients such as Plaintiff.

38.

Plaintiff has suffered severe emotional distress, physical pain and injury, and damages relating to his beatings and other injuries. Defendants' non-performance of their constitutional duties to protect Plaintiff from harm and provide him with adequate medical care, enacted under color of state law, have caused Plaintiff's injuries.

39.

Defendants have custody of Plaintiff and are responsible for his safety and medical care. Defendants have failed to provide basic medical care to Plaintiff at ELMHS and have failed to prevent harm to him from other patients and from guards. Defendants have further failed to prevent Plaintiff from self-harm resulting from his mental illness.

40.

Plaintiff is entitled to attorneys' fees and the other costs of bringing this lawsuit to enforce his civil and constitutional rights, under 42 U.S.C. § 1988(b).

## **JURY DEMAND**

41.

Plaintiff demands trial by Jury of all issues pleaded herein triable by juries in this court.

WHEREFORE, Plaintiff, Dominick Perniciaro III, respectfully prays that after trial by jury in this matter, that judgment on his behalf and against Defendants Hampton "Steve" Lea, Jeffrey S. Nicholl, M.D., Elizabeth Cain, M.D., Patrick McCrossen, M.D., Alan Perego, M.D., and John Thompson, M.D.:  (1) for damages in an amount adequate to compensate him for the physical injuries, disfigurement, pain, suffering, and emotional distress he has suffered as a result of the Defendants' failure to provide him with basic human needs and a reasonably safe environment, and for the Defendants' failure to provide him with adequate medical care for his injuries while under their custody and control as a person involuntarily committed to their care; (2) issuing an injunction enjoining Defendants to provide adequate and safe medical care, including treatment and repair of his shoulder, treatment and repair of his broken teeth, rehabilitation of his mental condition, and to prevent further abuse and beatings at the hands of other patients and guards while under the custody and care of Defendants at ELMHS; (3) for attorneys' fees and costs of this proceeding; and (4) for all other relief to which he may be entitled.

Respectfully submitted,

/s/  *Kathryn E. Fernandez*
KATHRYN E. FERNANDEZ (33829)
**ADVOCACY CENTER**
8325 Oak Street
New Orleans, Louisiana 70118-2043
Telephone:     (504) 708-1254
Facsimile:     (504) 708-1260

/s/  *Joseph N. Mole*
JOSEPH N. MOLE (09538)
**FRILOT LLC**
1100 Poydras Street, Suite 3700
New Orleans, Louisiana  70163
Telephone:     (504) 599-8000
Facsimile:     (504) 599-8100
*Attorneys for Plaintiff, Dominick Perniciaro III*